**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-20121
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RICARDO CAMPUZANO-MARTINEZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
H-99-CR-567-1

June 28, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant Ricardo Campuzano-Martinez ("Campuzano") appeals his conviction after a guilty plea for violation of 8 U.S.C. § 1326, which prohibits a person who has been previously deported from being present in the United States without consent of the Attorney

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

General.  We affirm.

Campuzano's indictment, filed September 22, 1999, alleged that he, "an alien previously deported and removed from the United States, was found present in the United States at Houston, Texas, without having obtained the consent of the Attorney General of the United States to apply for readmission into the United States." Campuzano moved for dismissal of the indictment, contending that it failed to allege that he committed any act or had the requisite specific or general intent.  Campuzano then pleaded guilty, without having obtained a ruling on his motion to dismiss the indictment.

On appeal, Campuzano challenges the sufficiency of his indictment, which challenge we review *de novo*.  See United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000).

Campuzano contends that his indictment does not charge an offense because it fails to allege any *mens rea*.  The statute under which Campuzano was indicted and convicted requires that a defendant have general intent to re-enter the United States, which *mens rea* may be inferred from the fact that the defendant was previously deported and subsequently found in the United States without consent of the Attorney General.  United States v. Berrios-Centeno, ___ F.3d ___, 2001 WL 435494, *3 (5th Cir. April 27, 2001).  The indictment in the instant case is almost identical to the indictment found sufficient in Berrios-Centeno.  Id. at *4 n.4. We conclude that Campuzano's indictment sufficiently alleged the

2

general intent *mens rea* required in § 1326 offenses.

For the foregoing reasons, we affirm Campuzano's conviction.

AFFIRMED.

3